UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
KAYHEEM LILLY,

             Plaintiff,

       -against-

THE CITY OF NEW YORK, PEDRO VAZQUEZ,
JOHN TANCREDI, IRVING CONTRERAS,
POLICE OFFICERS JOHN DOES 1-8
(first names being fictitious
and presently unknown and intended to
be the police officers involved in
pursuit, stop, detention, search,
and arrest of plaintiff on July 29,
2009 and his subsequent prosecution),

            Defendants.
- - - - - - - - - - - - - - - - - - -X

AMENDED COMPLAINT

Plaintiff Demands
Trial By Jury

11 Civ. 6015 (CM)



Plaintiff KAYHEEM LILLY, complaining of defendants, allege as follows, upon information and belief:

<u>**THE PARTIES AND JURISDICTION**</u>

1.   That plaintiff is a citizen of the State of New York.

2.   This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.   This Court has subject matter jurisdiction of the action under 28 USC §§ 1331, 1343(a), (3), and (4).

4.   This Court may also exercise supplemental jurisdiction over the plaintiffs' state law claims that arise from the same facts and circumstances under 28 USC § 1367.

5.   That at all times herein mentioned, defendant CITY

of New York (hereinafter "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

6.    That at all times herein mentioned, defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").

7.    That at all times herein mentioned, defendant PEDRO VAZQUEZ was and is an NYPD officer employed by defendant CITY.

8.    That at all times herein mentioned, defendant PEDRO VAZQUEZ was acting within the course and scope of his employment with defendant CITY.

9.    That at all times herein mentioned, defendant PEDRO VAZQUEZ was acting under color of state law.

10.   Defendant PEDRO VAZQUEZ is sued herein in his individual capacity.

11.   That at all times herein mentioned, defendant JOHN TANCREDI was and is an NYPD officer/sergeant employed by defendant CITY.

12.   That at all times herein mentioned, defendant JOHN TANCREDI was acting within the course and scope of his employment with defendant CITY.

13.   That at all times herein mentioned, defendant JOHN TANCREDI was acting under color of state law.

14.   That defendant JOHN TANCREDI is sued herein in his individual capacity.

15.   That at all times herein mentioned, defendant IRVING CONTRERAS was and is an NYPD officer/sergeant employed by

defendant CITY.

16.   That at all times herein mentioned, defendant IRVING CONTRERAS was acting within the course and scope of his employment with defendant CITY.

17.   That at all times herein mentioned, defendant IRVING CONTRERAS was acting under color of state law.

18.   That defendant IRVING CONTRERAS is sued herein in his individual capacity.

19.   That at all times herein mentioned, defendants JOHN DOES 1 through 8 were and are NYPD officers employed by defendant CITY.

20.   That at all times herein mentioned, defendants JOHN DOES 1 through 8 were acting within the course and scope of their employment with defendant CITY.

21.   That at all times herein mentioned, defendants JOHN DOES 1 through 8 were acting under color of state law.

22.   That defendants JOHN DOES 1 through 8 are sued herein in their individual capacity.

23.   That at all times herein mentioned, defendant CITY was under an obligation to use reasonable care in the hiring, training, retention, and supervision of its employees.

24.   That prior to the institution of this action and within ninety (90) days from the date when the New York State common law cause(s) of action accrued herein, a notice of claim was duly served upon and filed with the CITY on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim was presented and

the CITY has neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the cause(s) of action accrued herein.

25. That all of the New York State cause(s) of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## JURY TRIAL DEMANDED

26. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

27. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## STATEMENT OF FACTS

28. Plaintiffs repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

29. That on the evening of July 29, 2009, at approximately 1:00 a.m., plaintiff was lawfully located and properly present on a public sidewalk located in the vicinity of 115th Street and Lenox Avenue, in the County and State of New York.

30. At the above-said time and location, plaintiff – who was accompanied by two other individuals – observed an unmarked vehicle head south on Lenox Avenue and turn right onto 115th Street.

31. Said vehicle stopped in front of plaintiff, and

several plainclothes police officers – including defendants VAZQUEZ, TANCREDI, and members of defendants JOHN DOES 1-8 (including, on information and belief, CONTRERAS), jumped out and approached plaintiff and plaintiff's two companions.

32. While one or more of said police officers seized plaintiff and forcibly held him, the others reached their hands underneath plaintiff's shorts, clothing, and undergarments and, without plaintiff's consent and without a warrant, conducted an illegal strip search of his person.

33. When plaintiff asked said officers what they were doing, said officers responded by striking plaintiff repeatedly about plaintiff's body with their retractable metal batons, causing plaintiff to suffer pain and injury.

34. Thereafter, said police officers viciously, violently, and with no justifiable reason, kicked, punched, and otherwise struck plaintiff repeatedly in and about his face and body, causing plaintiff to suffer pain and injury.

35. Said police officers thereafter again illegally searched underneath plaintiff's clothing and undergarments, during the course of which they placed their hands on and around plaintiff's genitals and buttocks.

36. Said police officers conducted these illegal searches of plaintiff without any particularized suspicion or probable cause that plaintiff was secreting contraband or evidence underneath his clothing, and they did so in a public location and in full view of passersby, causing plaintiff to suffer great indignity, humiliation, and embarrassment.

37.   Despite the fact that said search yielded nothing, said police officers nonetheless arrested plaintiff without a warrant and transported him to the 28th Precinct stationhouse for arrest processing.

38.   At the 28th Precinct stationhouse, defendants forced plaintiff to stand in front of the desk in handcuffs for several hours.   Said handcuffs were applied too tightly, and despite plaintiff's persistent complaints about the tightness of the handcuffs, no one loosened or removed said handcuffs from him for at least two (2) hours.   Instead, defendants taunted plaintiff with epithets and expletives.

39.   After several hours, defendants finally removed plaintiff's handcuffs and placed him in a locked cell, where plaintiff remained for several more hours.

40.   While plaintiff was locked in said cell, defendants subjected plaintiff to a strip search and a visual cavity search without any particularized suspicion or probable cause; to wit, defendants forced plaintiff to remove all of his clothes until he was completely naked, and required him to lift his scrotum and spread his buttocks. Said search yielded nothing.

41.   Defendants thereafter transported plaintiff to Central Booking.   After being confined in Central Booking for an extended period of time, plaintiff was brought before a judge for his arraignment.

42.   Plaintiff was arraigned on a New York County criminal complaint, under Docket Number 2009NY059715, that had been signed by defendant VAZQUEZ on July 29, 2009, and which

charged plaintiff with one count each of Attempted Tampering with Physical Evidence (PL § 110/215.40[2]) and Criminal Possession of Marijuana in the Fifth Degree (PL § 221.10[1]).

43.   In the criminal complaint, defendant VAZQUEZ swore under penalty of perjury that he had been informed by defendant TANCREDI that prior to plaintiff being arrested, defendant TANCREDI observed plaintiff throw a clear plastic bag containing marijuana to the ground. This allegation formed the basis of the Attempted Tampering with Physical Evidence count, and was, like the other allegations in the complaint, entirely fabricated and completely untrue.

44.   Plaintiff pleaded not guilty to both counts, and was thereafter confined in the custody of the New York City Department of Corrections.

45.   During the pendency of his criminal case, plaintiff was required on several occasions to appear in court to defend against the charges that had been lodged against him.

46.   On or about June 1, 2010, plaintiff appeared in criminal court to defend against the criminal charges lodged against him.  On the same date, all charges against plaintiff were dismissed by the court.

47.   The conduct of defendants in summarily detaining, and arresting individuals such as plaintiff despite lacking any reasonable cause to belief that those individuals had committed any offenses or crimes, and in manufacturing false allegations and evidence against arrestees in order to support false charges lodged against them, is consistent with an institutionalized

practice of the NYPD, which was known to and ratified by the defendant CITY.

48.   The conduct of defendants in conducting strip searches and/or visual cavity inspections of individuals such as plaintiff despite lacking any particularized suspicion that those individuals were secreting evidence or contraband beneath their clothing, is consistent with an institutionalized practice of the NYPD, which was known to and ratified by the defendant CITY.

49.   Despite knowledge of these institutionalized practices, the defendant CITY has at no time taken any effective action to prevent NYPD personnel from continuing to engage in these types of misconduct.

50.   That plaintiff at no time engaged in any prohibited or illegal conduct to warrant or justify being searched, detained, beaten, and/or arrested.

51.   That as a result of the aforesaid actions of defendant CITY, its agents, servants and/or employees, including defendants VAZQUEZ, TANCREDI, and JOHN DOES 1 through 8 (including, on information and belief, CONTRERAS), plaintiff experienced great indignities, including severe humiliation, physical and emotional distress, pain and suffering, loss of liberty, and was otherwise damaged, and incurred expenses in connection with the defense on the charges that were lodged against him.

52.   Defendant CITY had prior notice of the vicious propensities of defendants VAZQUEZ, TANCREDI, and JOHN DOES 1 through 8 (including, on information and belief, CONTRERAS), but

took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

53.   The failure of defendant CITY to properly train and supervise defendants VAZQUEZ, TANCREDI, and JOHN DOES 1-8 (including, on information and belief, CONTRERAS) included, among other things, the failure to instruct them in applicable provisions of the Penal Law of the State of New York, the proper and prudent use of force, in probable cause, in search and seizure law, and in state and federal constitutional limitations on police action.

54.   On information and belief, Defendant CONTRERAS was personally involved in either the violation of Plaintiff's rights during his interactions with the police at the time of his arrest, or during the time he was in transit, or during the time he was held in custody at the 28th Precinct.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS VAZQUEZ, TANCREDI, CONTRERAS AND JOHN DOES 2-8
(42 U.S.C. § 1983 based on False Arrest/Imprisonment)

55.   Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

56.   That by virtue of the aforementioned unlawful arrest and imprisonment, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures.

57.   That  defendants  VAZQUEZ,  TANCREDI,  CONTRERAS  and JOHN DOES 2 through 8 are sued in their individual capacities.

58.   That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS
VAZQUEZ,TANCREDI, CONTERAS AND JOHN DOES 1-8**
(42 U.S.C. § 1983 based on Excessive Force and Unlawfully Instrusive Searches)

59.   Plaintiff  repeats  and  realleges  each  and  every allegation set forth above as though fully set forth at length herein.

60.   Defendants'  aforesaid  violent,  unnecessary, unwarranted, intrusive, and unlawful conduct, deprived plaintiff of  his  rights,  privileges  and  immunities  secured  by  the Constitution  of  the  United  States  of  America,  <u>inter  alia</u>, plaintiff's Fourth and Fourteenth Amendment rights.

61.   That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

62.   Defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8 are sued in their individual capacities.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS
VAZQUEZ, TANCREDI, CONTRERAS AND JOHN DOES 2-8**
(42 U.S.C. § 1983 based on Malicious Prosecution)

NAV

63.  Plaintiff  repeats  and  re-alleges  each  and  every allegation set forth above as though fully set forth at length herein.

64.  That  by  virtue  of  the  aforementioned  acts  by defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8, plaintiff  was  deprived  of  his  civil  rights  guaranteed  under  the Constitution  of  the  United  States,  including  his  right  under  the Fourth  and  Fourteenth  Amendments  to  the  U.S.  Constitution  to  be free  from  unreasonable  or  unlawful  searches  and  seizures,  and defendants  VAZQUEZ,  TANCREDI,  CONTRERAS  and  JOHN  DOES  2  through  8 are therefore liable to plaintiff for damages under 42 USC § 1983.

65. Defendants VAZQUEZ, TANCREDI CONTRERAS and JOHN DOES 2 through 8 are sued in their individual capacities.

66.  That  as  a  result  of  the  foregoing,  plaintiff  was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### VAZQUEZ, TANCREDI, CONTRERAS AND JOHN DOES 2 THROUGH 8
(42 U.S.C. § 1983 arising out of Malicious Abuse of Process)

67.  Plaintiff  repeats  and  realleges  each  and  every allegation set forth above as though fully set forth at length herein.

68.  By  the  conduct  and  actions  described  above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The

purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.   Such collateral objective included, but was not limited to, covering up defendants' illegal actions in knowingly arresting plaintiff without any legal basis, justification, or probable cause.

69.   The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and that by virtue of the aforementioned acts, plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures, and as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

70.   That defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8 are sued in their individual capacities.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS VAZQUEZ, TANCREDI, CONTRERAS AND JOHN DOES 2 THROUGH 8
(42 U.S.C. § 1983 based on Failure to Intervene)

71.   Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

72.   Defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8 failed to intervene to prevent, end or report the unlawful and unconstitutional conduct to which plaintiff was subjected despite the fact that they had opportunities to do so.

73.   The individual defendants, and each of them, thereby displayed deliberate indifference to plaintiff's rights, including but not limited to plaintiff's right to be free from unreasonable and unlawful searches and seizures and to procedural and substantive due process.

74.   That by virtue of the aforementioned acts by defendants, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8 therefore are liable to plaintiff for damages under 42 USC § 1983.

75.   That defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8 are sued in their individual capacities.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
## VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 THROUGH 8
(42 U.S.C. § 1983 based on Violation of Plaintiff's First Amendment Rights)

76. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

77. Defendants arrested and detained plaintiff because he engaged in speech and/or associational activity protected by the First Amendment. As a direct result of defendants' willful, malicious, and/or recklessly indifferent actions, undertaken because of plaintiff's speech and/or association, plaintiff was arrested and prosecuted and/or subjected to extended and unreasonable detentions and/or unlawful and invasive searches and/or excessive force by local law enforcement, carried out without probable cause or even reasonable suspicion to believe that plaintiff had committed or was about to commit an offense. This unlawful seizure is the type of injury that would chill a person of ordinary firmness from continuing to engage in such protected conduct.

78. That by virtue of the aforementioned acts by defendants, plaintiff was deprived of his civil rights guaranteed under the Constitution of the United States, including his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, and defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8 therefore are liable to plaintiff for damages under 42 USC § 1983.

79. Defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN

14

DOES 2 through 8 are sued in their individual capacities.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS VAZQUEZ, TANCREDI, CONTRERAS AND JOHN DOES 2 THROUGH 8
(Conspiracy under 42 U.S.C. § 1983)

80.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

81.     That defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8 agreed, cooperated, participated, and conspired to assist in and effectuate plaintiff's unlawful search, detention, arrest, imprisonment, and prosecution, and in so doing deprived plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, including his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures, and as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

82.     That defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8 are sued in their individual capacities.

83.     That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, and suffered economic loss and other damages.

### EIGHTH CAUSE OF ACTION AGAINST DEFENDANT CITY

(42 U.S.C. § 1983 – "Monell" Claim)

84.    Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

85.    The conduct of defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8 in summarily arresting plaintiff and searching plaintiff without a warrant, and in conducting warrantless and illegal strip searches and visual body cavity searches of plaintiff without the requisite levels of particularized suspicion supporting such searches, and in manufacturing false accounts and evidence to be used against plaintiff in support of false criminal charges lodged against him, was consistent with an institutionalized practice(s) of the NYPD, which were known to and ratified by the defendant CITY.

86.    Despite knowledge of these institutionalized practices, the defendant CITY has at no time taken any effective action to prevent NYPD personnel from continuing to engage in this type of misconduct.

87.    Defendant CITY authorized, tolerated as institutionalized practices and ratified the misconduct detailed above by failing to take adequate precautions in the supervision and/or training of police personnel, including specifically defendants VAZQUEZ, TANCREDI, and JOHN DOES 1 through 8.

88.    That defendant CITY's policies/customs and defendant CITY's failure to supervise and/or train defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8 rose to the level of deliberate indifference to the consequences of its

actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, <u>inter alia</u>, plaintiff's Fourth and Fourteenth Amendment rights.

89. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, and suffered economic loss and other damages.

### NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Malicious Prosecution)

90. Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

91. That by virtue of the aforementioned acts, defendants, who were acting in concert and within the scope of their employment, are liable to plaintiff for malicious prosecution.

92. That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of <u>respondeat superior</u>.

93. That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

**TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Violation of Article I, §§ 6, 8, 9 and 12 of the New York State Constitution)

94.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

95.  That by virtue of the aforementioned acts, defendants are liable to plaintiff for violating his right to be free from deprivation of liberty without due process of law, and from unreasonable and unlawful searches and seizures, and for violation of his rights to freedom of speech and association under Article I, §§ 6, 8, 9 and 12 of the New York State Constitution.

96.  The acts and conduct of the agents and employees of defendant CITY, including defendants VAZQUEZ, TANCREDI, CONTRERAS and JOHN DOES 2 through 8, were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

97.  That defendant CITY is liable for the damages suffered by plaintiff as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

98.  That as a result of the foregoing, plaintiff was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, and suffered

18

economic loss and other damages.

\*      \*      \*

WHEREFORE, plaintiff demands the following relief jointly and severally against each defendant:

  a. Compensatory damages in an amount to be determined by a jury;

  b. Punitive damages in an amount to be determined by a jury;

  c. The convening of a jury to consider the merits of the claims herein;

  d. Attorney's fees pursuant to 42 U.S.C. § 1988;

  e. An award of plaintiff's costs of suit;

  f. Pre-judgment and post-judgment interest;

  g. Such other further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated:      New York, New York
            March 8, 2012

                              Yours, etc.,

                        By: _____
                              Jeffrey Rothman, Esq.
                              315 Broadway, Suite 200
                              New York, NY 10007
                              Tel.: (212) 227-2980
                              rothman.jeffrey@gmail.com

                              Ameer Benno, Esq.
                              Benno & Associates
                              110 Wall Street,11th Floor
                              New York, NY 10005
                              Tel.: (212) 227-9300
                              abenno@ameerbenno.com

                              Attorneys for Plaintiff